IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PREMIUM STAR, LLC, and<br><br>KATHLEEN HOFFMAN<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HENRY MELVIN STEPP, JR.<br>LISA STEPP,<br>SUNSET CUSTOM COACH, is D.B.A. of<br>HENRY MELVIN STEPP, JR.,<br><br>LAZYDAYS' R.V. CENTER, LLC, a<br>Delaware Corporation doing business in<br>FLORIDA,<br><br>TAMARA HOLLAND, in her individual and<br>official capacity,<br><br>MONTGOMERY COUNTY, TEXAS, a<br>governmental entity<br>　　　　Defendants, | Case No.: 4:18-cv-04835<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LAZYDAYS RV's MOTION TO DISMISS Per FRCP 12(b)(2)**<br><br>**DEMAND FOR TRIAL BY JURY** |

TO THE HONORABLE JUDGE VANESSA D. GILMORE:

Plaintiffs PREMIUM STAR, LLC and KATHLEEN HOFFMAN file their response to Defendant LAZYDAYS Motion to Dismiss per Rule 12(b)(2). Plaintiffs respectfully request that the Court deny this Defendant's Motion to Dismiss for reasons to be stated herein.

### STATEMENT OF THE CASE

This is a civil rights action brought under USC Title 42 § 1983 by Plaintiffs Premium Star, LLC and Kathleen Hoffman. These Plaintiffs seek relief through this Honorable Court for claims relating to violations of their rights guaranteed and protected by the 4th and 14th

Amendments to the United States Constitution. All Defendants have participated in the willful and knowledgeable conversion of Plaintiffs' property which include a Motor Coach valued $350,000 at the time of the conversion and its contents valued at $12,419.00, see *Dkt. #16, #13-#14*.

Plaintiffs' original complaint was filed on 12/27/18. Defendants HENRY, LISA, and SUNSET were served with this original complaint on or about 1/31/19. Defendant LAZYDAYS was served on 2/13/19 at the corporate office located in Orlando, Florida. LAZYDAYS filed a motion to dismiss on 3/21/19.

Plaintiffs filed their First Amended Complaint under FRCP 15(a)(1)(B) 4/11/19, *Dkt. #16*, and Defendants HOLLAND and COUNTY have responded. Defendants Tamara Holland and Montgomery County filed their joint Motion to Dismiss specific to claims under 12(b)(6) on 5/13/19, *Dkt. #24*. Defendants HENRY, LISA, and SUNSET have failed to respond to either Plaintiffs' original complaint or the First Amended Complaint. Defendant LAZYDAYS, as of this date has yet to file a response to Plaintiffs' First Amended Complaint.

## ARGUMENT AND AUTHORITY

The Supreme Court has articulated a two-pronged test to determine whether a federal court may properly exercise jurisdiction over a nonresident defendant: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Technical Svcs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

A defendant's "minimum contacts" may give rise to either specific personal jurisdiction or general personal jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Freudensprung*, 379 F.3d at 343. "A court may exercise specific jurisdiction

when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." Id. Even when the controversy is not related to the defendant's contacts with the forum state, however, a court may nevertheless exercise general jurisdiction over the defendant if the defendant has engaged in "continuous and systematic contacts" in the forum. *Id*. Only if a defendant satisfies *neither* of these tests is the exercise of personal jurisdiction not proper. *International Shoe*, 326 U.S. at 316.

  Relating to this civil rights case, Defendant LAZYDAYS entered into a contract agreement with Defendant STEPP, a Texas resident, when they agreed to make purchase of Plaintiffs' converted property, the subject coach, *Dkt. 16 #25-26*. Further, subsequent to being notified by Detective Neely that the subject Coach had been stolen, *Dkt. 16 #25*, Defendant LAZYDAYS maintained contact with Defendant HOLLAND, an assistant District Attorney for Montgomery County Texas, from at least March of 2017 through April 2018. Defendant HOLLAND, who was the key prosecutor of Defendant STEPP relating to this matter, authorized and permitted LAZYDAYS to make a transfer of STEPP's fraudulently obtained Texas motor vehicle title into their name for the stolen motor coach in 4/19/18, *Dkt 16 #30*. Plaintiffs were at no time notified of this arrangement.

  Defendant LAZYDAYS has ongoing internet advertising that reaches across these United States, including into the State of Texas. Per this internet advertisement, Defendant LAZYDAYS states:

  "We handle everything. Pick-up, title work, and pay-offs." See attached Exhibit 1.

  LAZYDAYS regularly avails itself of the benefits of the State of Texas by driving on its roads at minimum. This action arises from specific acts of defendant in converting a motorhome

that was stolen in the State of Texas. By accepting a facially void title from Texas, LAZYDAYS could reasonably foresee that they would be called to answer in Texas. In addition, LAZYDAYS will not suffer great inconvenience in responding in this Texas venue as filing and notifications are electronically submitted. The chosen forum, Southern District of Texas is where the bulk of the activity forming the basis for the claims have occurred, and it's this District that has a legitimate interest in providing redress especially because the County Defendants cannot be sued in another state.

This is not a frivolous lawsuit as Plaintiff's have a prima facie case of conversion against LAZYDAYS. In addition, LAZYDAYS deliberately disregarded the glaring defect in the title for the motor coach, possibly compounding their liability.

It seems apparent that Defendant LAZYDAYS' conduct satisfies both requirements specified in *International Shoe*, 326 U.S. at 316, and should remain as a defendant in this matter.

## CONCLUSION AND PRAYER

For the reasons stated herein, Plaintiffs request that this honorable Court deny Defendant LAZYDAYS Motion to Dismiss per FRCP 12(b)(2).

DATED this 4th of June 2019.

Respectfully submitted,

/s/ William R. Power
William R. Power
State Bar No. 16215050
Federal Admissions No. - 3339315
Law Office of William R. Power
1370 State Highway 276
Emory, Texas 77301
Telephone: 903-570-0785
Email: powerlaw@hotmail.com

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LAZYDAYS RV's
MOTION TO DISMISS Per FRCP 12(b)(2)**

# Exhibit 1
(Lashay's RV Internet Advertisement)

Case 4:18-cv-04835   Document 33   Filed on 06/04/19 in TXSD   Page 5 of 7

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LAZYDAYS RV's
MOTION TO DISMISS Per FRCP 12(b)(2)



## CERTIFICATE OF SERVICE

On the 4th day of June, 2019, I electronically submitted the foregoing document to the clerk of court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record listed below electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Counsel for Defendant LazyDays RV Super Center, LLC
Christopher J. Lowman
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas 77002-4705
Telephone: (713) 752-0777
Telecopier: (713) 752-0778
E-mail:  chris@lowmanlaw.com

Counsel for Defendants' Tamara Holland and Montgomery County
Daniel Plake
Montgomery County Attorney
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone:  (936) 539-7828
Facsimile: (936) 538-8079
Attorney via email at Daniel.plake@mctx.org

Henry Melvin Stepp, Jr.
12725 Rose Road,
Willis, TX 77378

Lisa Stepp
12725 Rose Road,
Willis, TX 77378

SUNSET CUSTOM COACH, d.b.a.,
Henry Melvin Stepp, Jr.
12725 Rose Road,
Willis, TX 77378

/s/ *William R. Power*
William R. Power